IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HENRIETTA MIDDLETON | * | |
| 601 E. Fayette Street | * | |
| Baltimore, Maryland 21202 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No.: 1:20-cv-3536 |
| | * | |
| BALTIMORE CITY POLICE | * | |
| DEPARTMENT | * | |
| Serve On: | * | |
| MICHAEL HARRISON, Police | * | |
| Commissioner | * | |
| 601 E. Fayette Street | * | |
| Baltimore, Maryland 21202 | * | |
| | * | |
| and | * | |
| | * | |
| MAYOR & CITY COUNCIL OF | * | |
| BALTIMORE | * | |
| Serve On: | * | |
| DANA P. MOORE, Acting City Solicitor | * | |
| City Hall | * | |
| 100 N. Holliday Street, Room 101 | * | |
| Baltimore, Maryland 21202 | * | |
| | * | |
| and | * | |
| | * | |
| SERGEANT MARLON KOUSHALL | * | |
| INDIVIDUALLY AND IN OFFICIAL | * | |
| CAPACITY | * | |
| 601 E. Fayette Street | * | |
| Baltimore, Maryland 21202 | * | |
| | * | |
| and | * | |
| | * | |
| LIEUTENANT JASON YERG | * | |
| INDIVIDUALLY AND IN OFFICIAL | * | |
| CAPACITY | * | |
| 601 E. Fayette Street | * | |
| Baltimore, Maryland 21202 | * | |
| | * | |
| and | * | |

```
GARY TUGGLE, FORMER INTERIM        *
POLICE COMMISSIONER FOR            *
BALTIMORE CITY, INDIVIDUALLY       *
AND IN OFFICIAL CAPACITY           *
Serve On:                          *
DANA P. MOORE, Acting City Solicitor *
City Hall                          *
100 N. Holliday Street, Room 101   *
Baltimore, Maryland 21202          *
                                   *
    Defendants                     *
                                   *
```
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES PLAINTIFF, Henrietta Middleton, by and through her attorneys, Latoya Francis-Williams by and through the Law Office of A. Dwight Pettit, P.A., Allan B. Rabineau, Aarron N. Johnson and Ballenger & Roche, LLC, and sues Defendants, the Baltimore City Police Department, Mayor & City Council of Baltimore, Sergeant Marlon Koushall, Lieutenant Jason Yerg, Former Interim Commissioner Gary Tuggle, and for reasons states as follows:

### PRE-SUIT REQUIREMENTS

1.  Plaintiff has satisfied the notice of claim prerequisites to suit as specified by the Maryland Tort Claims Act, Md. Code Ann., State Gov't Art., § 12-106, and the Local Government Tort Claims Act, Md. Code Ann., Cts. & Jud. Proc. Art., § 5-304. Plaintiff sent timely notices of her claims to the Baltimore City Solicitor, the Maryland State Treasurer, and the Baltimore City Police Department, by certified mail, return receipt requested on 9/1/2018.

### PARTIES

2.  That at all times relevant hereto, Plaintiff, Henrietta Middleton (hereinafter referred to as "Plaintiff Middleton" or "Ms. Middleton" is an African American female that is a sworn member of the Baltimore City Police Department who was assaulted, battered, and abused while off duty.

3. That at all times relevant hereto, all Defendant Officers were Baltimore City Police Department officers acting under color of State and local law and are joined in this complaint in their individual and official capacity.

4. That at all times relevant hereto, Defendant Sergeant Koushall was a duly authorized agent, servant, and/or employee of the Baltimore City Police Department who was acting within the scope of his employment and for the benefit of the City of Baltimore when he assaulted Ms. Middleton; and, then knowingly and falsely charged her with crimes that she did not commit, publicly thrusting her into the criminal justice system as an accused person.

5. That at all times relevant hereto, Defendant Lieutenant Yerg was a duly authorized agent, servant, and/or employee of the Baltimore City Police Department who while acting within the scope of his employment, advised, and coordinated with Sergeant Koushall in a campaign to disparage Ms. Middleton. These actions included a coordinated effort to falsely charge Ms. Middleton with crimes in addition to those for which she was already charged, and a media blitz to smear her name in order to protect Koushall from being criminally charged and successfully prosecuted. Defendant Yerg was a supervisor and as such, exercised final policy making authority for BCPD, established the duties, standards of conduct, and discipline of officers.

6. That at all times relevant hereto Defendant Mayor & City Council of Baltimore was the governing authority of Baltimore City empowered to carry out certain governmental functions within its geographic limits and is the sole provider of financial support for the Baltimore City Police Department. Therefore, it is the party responsible under the Local Government Tort Claims Act, Maryland Courts & Judicial Proceedings, Section 5-301 *et. seq.* for the actions and civil violations of the Baltimore City Police Department. In fact, Section 5-301(d)(4) states that "'Local Government' means: (4) Baltimore City". Defendant Mayor & City Council of Baltimore was at

equipment and all times relevant hereto acting in control of the Baltimore City Police Department in the following manners demonstrated in the following non-exhaustive list: 1) Mayor and City Council Crime and Justice Department staff's its Civilian Review Board which reviews complaints of civilians of Baltimore City Police officers' abuses to the public and reviews policies of the Department; holds periodic meetings of the Civilians Review Board from the Office of the City Solicitor and the Community Relations Commissions; 2) Mayor and City Council of Baltimore is responsible for providing and maintaining all sworn police officers' equipment and tools used for carrying out their day to day duties (including everything from portable transceivers to patrol vehicles); Mayor and City Council provides the budget for all Baltimore City Police Department stations and sub-stations;   Mayor and City Council of Baltimore participates in attracting and retaining and providing a budget for more police officers within the Baltimore City Police Department; Mayor and City Council's operating budget includes Baltimore Police Department services including Administration and information technology, police patrol, crime investigation, Target violent criminals, SWAT ESU, operational an analytical intelligence, emergency communications, police internal affairs, manage police records, recruitment and training, special operations canine and mounted unit, marine unit, special operations aviation, crime lab and evidence control; 3) Mayor and City Council provides the budget and technology for Baltimore City Police Department's special units and flex squads; and, 4) Mayor and City Council provides funding for nine Baltimore Community Intelligence Centers to be staffed by BPD officers, attorneys, analysts and case managers.

7.     The Baltimore City Police Department is, and was, the employer of Defendant Officers named herein and is the law enforcement agency responsible for law enforcement duties in Baltimore City in addition to the previous named defendants.

8.     That at all times relevant hereto, Defendant Former Interim Commissioner Gary Tuggle was appointed by the Mayor of Baltimore under the advice and consent of the Baltimore City Council.  Said Commissioner, in his respective capacities as such, exercised final policy making authority for BCPD, established the duties, standards of conduct, and discipline of officers.  The Commissioner, in his respective capacity, established policies regarding hiring, screening, training, monitoring, supervision, and discipline of officers employed by the BCPD.

## JURISDICTION AND VENUE

9.     Jurisdiction is proper under 42 U.S.C. § 1331 and 42 U.S.C. § 1983, 1985, and 1988.

10.    Venue is proper in the U.S. District Court for the District Court of Maryland (Northern District) under 28 U.S.C., § 1391 in that Plaintiff resides in the State of Maryland and all Defendant Officers have worked in the City of Baltimore at the time of the events alleged herein; their employer, the Baltimore City Police Department (hereinafter "BCPD"), is also located in Baltimore, Maryland.  The actions complained of occurred in the City of Baltimore.

## FACTS COMMON TO ALL COUNTS

11.    That on or about August 26, 2018, at approximately 1:20 A.M., Ms. Middleton and a group of her friends exited Norma Jean's Club (hereinafter "the establishment") located at 10 Custom House Avenue, Baltimore, MD 21202.  Ms. Middleton was an invited guest of the bride to a pre-wedding celebration.

12.    After exiting the club, a member of Ms. Middleton's group informed Ms. Middleton that she had forgotten her personal belongings inside of the establishment.  Ms. Middleton told her that she would retrieve the member's personal belongings and began to walk back to the front door of the establishment.

13.     As soon as Ms. Middleton got to the entrance of the establishment, Defendant Koushall told her to back up.  Before Ms. Middleton was able to do so, Defendant Koushall suddenly, without provocation and unexpectedly, struck her three (3) times in her face/head/ear.  While Ms. Middleton attempted to retreat from Defendant Koushall's vicious attack, Koushall continued to pursue her, threw her to the ground, and then grabbed her by her hair and clothing.  Koushall's physical attack did not cease until another officer grabbed Defendant Koushall and stopped him from further assaulting and beating Middleton.  Defendant Koushall's unwarranted assault was motivated by racial and gender animus as Ms. Middleton is an African American female. Additionally, Defendant Koushall has a history of physically assaulting other African American women.

14.     As a result of Koushall's unwarranted and excessive physical punching of Ms. Middleton, she was caused to sustain injuries to her face, temple, and head, and experienced severe pain and suffering, caused physical injury, and substantial emotional distress.

15.      Immediately after the physical attack, Ms. Middleton was arrested, handcuffed, and further publicly humiliated when she was forced to walk up the public street from the site of the attack to the Baltimore City Police Department's Central District.

16.     Koushall's attack on Middleton was observed by no less than 50 people and was captured on CCTV, cell phone footage and body-worn camera.17.     Ms. Middleton was handcuffed to the wall at Central Headquarters for approximately ten consecutive (10) hours prior to being released; during which time Defendant Koushall was permitted to continue his abuse to Middleton in remaining in her presence and not seeking medical attention for her injuries that he caused. Detective Dominique Wiggins told Koushall that Ms. Middleton needed medical attention; however, Koushall refused to provide it for her.  Prior to her release, Middleton was served with

two criminal citations: (i) Failure to Obey the lawful command of an officer designed to keep the peace and (ii) Disorderly Conduct; both hand-written by Defendant Koushall.During her 10-hour detention, Defendant Koushall's shift ended.

17. During his shift Koushall intentionally failed to timely file a use of force report pursuant to Baltimore City Police Department General Orders.

18. After Ms. Middleton was released, she sought medical treatment and was treated for numerous injuries including, a concussion, post-traumatic headaches, and injuries to her neck and back. Ms. Middleton required physical therapy and multiple doctor's appointments for several months after the assault by Defendant Koushall.

19. After Lietenant Yerg was placed on notice by the State's Attorney's Office that they were no longer going to pursue Middleton's charges and instead pursue Sergeant Koushall for multiple charges, Yerg and Koushall remained in constant communication via telephone and email. The purpose of the constant communication between the two of them, was so that they could coordinate with each other and concoct a way to keep Defendant Koushall free from criminal charges and/or intradepartmental discipline as well as to damage Middleton in her own criminal case and assure she would not be given an objective, fair assessment within the department. Defendants Yerg and Defendant Koushall were motivated by racial and gender animus based on Ms. Middleton being an African American female.

20. On December 1, 2018, Koushall drew up and filed additional charges against Middleton: Assault 2nd Degree and Resist/Interfere with Arrest. These new criminal charges were sworn out by Defendant Koushall with the advice and guidance of Defendant Yerg, the Baltimore City Police Lieutenant who was assigned to investigate Middleton's allegations of wrongdoing by Koushall

on August 26, 2018. On December 26, 2018 all four charges under case No. 2B02389550 were entered *nolle prosequi* against Ms. Middleton.

21. Prior to all four charges being *nol prossed*, Ms. Middleton was forced to spend substantial money and hire private counsel to defend her against the criminal charges lodged by defendants Koushall and Yerg.

22. Prior to the charges against Ms. Middleton being *nol prossed*, the Baltimore City Police Department broadcast a public statement, wrongfully asserting that Ms. Middleton was intoxicated and charged with being drunk and disorderly. Specifically, the Baltimore City Police Department provided an official statement to the 11 News I-Team that Middleton is suspended. In a statement, an official police spokesperson, believed to be T.J. Smith said, "When officers arrived, they observed the patron acting in a disorderly manner. The female patron approached an officer and refused to comply. She was arrested and charged on a criminal citation for drunk and disorderly conduct. She was identified as Henrietta Middleton, a 12-year veteran of the Baltimore Police Department, who is currently assigned to the Inspector General's Office."

23. As a result, numerous media outlets, print and television, aired stories about the attack on Middleton casting her in a negative and disparaging light; including a report that she was drunk and disorderly.

24. Not only were Ms. Middleton's police powers suspended as result of this incident from August 2018 – September 2019, but she was also removed from her prior assignment as a Sergeant in the Special Investigations Response Team (SIRT) located at Central Headquarters and transferred to administration at the Northern District. This caused Ms. Middleton to suffer from reduced wages because she was unable to work overtime while her police powers were suspended, as well as her career path trajectory was negatively affected.

25. Defendant Koushall was subsequently charged with 2nd Degree Assault and Misconduct in Office for his attack on Ms. Middleton. On 11/7/2019 Koushall was found guilty of both charges and was sentenced to a combined sixteen (16) years' incarceration; all active incarceration time suspended, followed by three (3) years of supervised probation.

26. As a result of Defendant Officers' conduct, Ms. Middleton suffered physically, emotionally, financially, and sustained injuries and damages including, but not limited to mental anguish, emotional distress, humiliation, and traumatic stress, both past, present, and in the future.

## COUNT I – BATTERY

27. Plaintiff incorporates as if fully stated herein the allegations set forth in all previous and subsequent paragraphs.

28. Defendant Officer, by his conduct described herein, acted with the intent and capability to do bodily harm to Plaintiff Ms. Middleton.

29. Defendant's actions were perpetrated unreasonably, with ill-will and malice.

30. Defendant Officer's conduct amounted to an unjustified battery on Plaintiff Ms. Middleton during the course of the incident herein when Defendant Officer, being unprovoked, punched and threw Ms. Middleton to the ground, and lifted her back up by her hair and clothes.

31. As a result of Defendant's conduct, Plaintiff Middleton suffered physical and/or non-physical injury, sustained economic damages for the cost of medical treatment and lost wages as well as non-economic damages for the pain, suffering, fear, fright, humiliation, inconvenience and embarrassment for the totality of events that he was forced to endure both past, present, and in the future.

**WHEREFORE**, Plaintiff Henrietta Middleton, claims in of 10 million dollars ($10,0000,000.00) in compensatory damages and 10 million dollars ($10,000,000.00) in punitive

damages from all Defendants, including but not limited to Sergeant Marlon Koushall, Lieutenant Jason Yerg, Former Interim Commissioner Gary Tuggle, Baltimore City Police Department, and Mayor & City Council of Baltimore, and for such other and further relief to which Plaintiff may be entitled.

## COUNT II – FALSE IMPRISONMENT

32. Plaintiff, Henrietta Middleton, incorporates as if fully set forth herein the allegations set forth in all previous and subsequent paragraphs.

33. The intentional, malicious, and unreasonable acts and conduct of Defendant Officers as described herein, including the punching of Plaintiff in her face and therefore seizing her body then placing her in handcuffs, caused Plaintiff Ms. Middleton to be unlawfully deprived of her personal liberty without her consent and without legal justification.

34. As a result of the aforesaid acts and conduct of Defendants, Plaintiff Ms. Middleton was unlawfully held against her will for an extended period of time in police custody where she experienced pain, suffering, humiliation, inconvenience and embarrassment for the totality of events that she was forced to endure both past, present, and in the future.

**WHEREFORE**, Plaintiff Henrietta Middleton, claims in of 10 million dollars ($10,0000,000.00) in compensatory damages and 10 million dollars ($10,000,000.00) in punitive damages from all Defendants, including but not limited to Sergeant Marlon Koushall, Lieutenant Jason Yerg, Former Interim Commissioner Gary Tuggle, Baltimore City Police Department, and Mayor & City Council of Baltimore, and for such other and further relief to which Plaintiff may be entitled.

## COUNT III – MALICIOUS PROSECUTION & ABUSE OF PROCESS

35. Plaintiff, Henrietta Middleton, incorporates as if fully set forth herein the allegations set forth in all previous and subsequent paragraphs.

36. Defendant Officers instituted the criminal prosecution process against Plaintiff Ms. Middleton by alleging offenses that said Defendant Officers knew in advance to be false.

37. Defendant Officers did so without probable cause necessary to give rise to said charges.

38. Defendant Officers charged Plaintiff, Ms. Middleton, with numerous charges as previously detailed in the Facts Section of this Complaint out of malice, evil motive and ill will; and, not to bring Ms. Middleton to justice for committing the actual criminal offences charged.

39. The criminal proceeding against Ms. Middleton forced her to retain legal defense counsel at great expense prior to the proceedings being terminated with a disposition of nolle prosequi.

**WHEREFORE**, Plaintiff Henrietta Middleton, claims in of 10 million dollars ($10,0000,000.00) in compensatory damages and 10 million dollars ($10,000,000.00) in punitive damages from all Defendants, including but not limited to Sergeant Marlon Koushall, Lieutenant Jason Yerg, Former Interim Commissioner Gary Tuggle, Baltimore City Police Department, and Mayor & City Council of Baltimore, and for such other and further relief to which Plaintiff may be entitled.

## COUNT IV – VIOLATION OF MARYLAND DECLARATION OF RIGHTS

40. Plaintiff, Henrietta Middleton, incorporates as if fully set forth herein the allegations set forth in all previous and subsequent paragraphs.

41. At no time were any laws violated by Ms. Middleton.

42. Defendant Officer maliciously and/or wantonly and/or intentionally and/or willfully and/or unreasonably and/or with excessive force and/or with gross negligence and reckless disregard for

human suffering and/or without justification, assaulted and battered Ms. Middleton causing her cruel and unusual pains and penalties.

43. At all times described herein, Defendant acted under color and pretense of law, and under color of statutes, customs and usages of the State of Maryland while assaulting and battering Plaintiff Middleton.

44. By illegally seizing and detaining Ms. Middleton without a warrant, by punching her in her face; and, dragging her by her hair Defendant Officer and Baltimore City Police Department, deprived Ms. Middleton of the rights, privileges and immunities guaranteed to Ms. Middleton under Article 24 and Article 26 of the Maryland Declaration of Rights.  As a result of Defendants' conduct and actions, Ms. Middleton suffered damage by being unlawfully held against her will for an extended period of time and has suffered and will continue to suffer severe emotional anguish, loss of reputation, loss of income, and other damages both past, present, and in the future.

**WHEREFORE**, Plaintiff Henrietta Middleton, claims in of 10 million dollars ($10,0000,000.00) in compensatory damages and 10 million dollars ($10,000,000.00) in punitive damages from all Defendants, including but not limited to Sergeant Marlon Koushall, Lieutenant Jason Yerg, Former Interim Commissioner Gary Tuggle, Baltimore City Police Department, and Mayor & City Council of Baltimore, and for such other and further relief to which Plaintiff may be entitled.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiff, Henrietta Middleton, incorporates as if fully set forth herein the allegations set forth in all previous and subsequent paragraphs.

46. That Defendant Officers, by their conduct described herein, acted intentionally and /or recklessly to harm Plaintiff Ms. Middleton.

47. Defendants' conduct was extreme and outrageous in battering Ms. Middleton and directly causing her harm and injuries in bringing false charges and publicizing false statements.

48. Defendant's actions in intentionally striking, punching, and tackling Ms. Middleton, and then pursuing false charges against her were extreme and outrageous.

49. The emotional distress to Ms. Middleton was, and still is, severe. As a result of Defendants' aforesaid conduct, the Plaintiff Ms. Middleton suffered damage including, but not limited to, physical and/or non-physical injury, sustained economic damages for the cost of medical expenses and lost wages as well as non-economic damages for the pain, suffering, fear, fright, humiliation, inconvenience and embarrassment for the totality of events that she was forced to endure both past, present, and in the future.

**WHEREFORE**, Plaintiff Henrietta Middleton, claims in of 10 million dollars ($10,0000,000.00) in compensatory damages and 10 million dollars ($10,000,000.00) in punitive damages from all Defendants, including but not limited to Sergeant Marlon Koushall, Lieutenant Jason Yerg, Former Interim Commissioner Gary Tuggle, Baltimore City Police Department, and Mayor & City Council of Baltimore, and for such other and further relief to which Plaintiff may be entitled.

### COUNT VI – FALSE ARREST

50. Plaintiff, Henrietta Middleton, incorporates as if fully set forth herein the allegations set forth in all previous and subsequent paragraphs.

51. Defendants had no rational articulable reason to believe Ms. Middleton had engaged in any crime, but nevertheless arrested Ms. Middleton without a warrant, without legal justification, and without probable cause to support a lawful arrest.

52. Defendants' conduct demonstrated ill will, improper motivation, and actual malice.

53.     As a result of Defendants' actions, Ms. Middleton suffered damages including, but not limited to, denial of her freedom, emotional trauma, humiliation, distress, and was prevented from engaging in her usual employment, duties, activities, and pursuits; and will be otherwise injured and damaged, both past, present, and in the future.

**WHEREFORE**, Plaintiff Henrietta Middleton, claims in of 10 million dollars ($10,0000,000.00) in compensatory damages and 10 million dollars ($10,000,000.00) in punitive damages from all Defendants, including but not limited to Sergeant Marlon Koushall, Lieutenant Jason Yerg, Former Interim Commissioner Gary Tuggle, Baltimore City Police Department, and Mayor & City Council of Baltimore, and for such other and further relief to which Plaintiff may be entitled.

### COUNT VII – PLAINTIFF'S § 1983 CLAIM FOR VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS AND PRIVILEGES

54.     Plaintiff, Henrietta Middleton, incorporates as if fully set forth herein the allegations set forth in all previous and subsequent paragraphs.

55.     That as a result of the actions of the defendants acting under color of law, the plaintiff was deprived of various rights and privileges guaranteed to her by the United States Constitution and the laws of the land including, but not limited to, the Plaintiff's rights under the Fourth and Fourteenth Amendments of the U.S. Constitution as their actions constituted an illegal search and seizure, an illegal use of prosecution and detention, as well as an unreasonable and excessive use of force.  Furthermore, the defendants' actions resulted in the deprivation of Plaintiff's life, liberty, and property without due process of law.

56.     As a result of Defendants' actions, Ms. Middleton suffered damages including, but not limited, denials of his freedom, emotional trauma, humiliation, distress, and was prevented from

engaging in his usual employment, duties, activities, and pursuits; and will be otherwise injured and damaged, both past, present, and in the future.

**WHEREFORE**, Plaintiff Henrietta Middleton, claims in of 10 million dollars ($10,0000,000.00) in compensatory damages and 10 million dollars ($10,000,000.00) in punitive damages from all Defendants, including but not limited to Sergeant Marlon Koushall, Lieutenant Jason Yerg, Former Interim Commissioner Gary Tuggle, Baltimore City Police Department, and Mayor & City Council of Baltimore, and for such other and further relief to which Plaintiff may be entitled.

### COUNT VIII – FALSE LIGHT

57. Plaintiff, Henrietta Middleton, incorporates as if fully set forth herein the allegations set forth in all previous and subsequent paragraphs.

58. Defendants publicized this incident by arresting her in front of a massive number of individuals. As a result, media outlets reported the incident. At no time did Defendants correct the coverage by stating that Ms. Middleton did not commit any crimes to cause her arrest, such action caused her name to be in a publicly accessible database (Maryland Judiciary Case Search) that listed the false charges.

59. The false light that Ms. Middleton was placed would be highly offensive to a reasonable person as she was falsely portrayed as a violent criminal.

60. Defendants had knowledge of and acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed. Defendants purposely portrayed Ms. Middleton as a criminal in an attempt to thwart Defendant Koushall from criminal charges.

**WHEREFORE**, Plaintiff Henrietta Middleton, claims in of 10 million dollars ($10,0000,000.00) in compensatory damages and 10 million dollars ($10,000,000.00) in punitive damages from all Defendants, including but not limited to Sergeant Marlon Koushall, Lieutenant Jason Yerg, Former Interim Commissioner Gary Tuggle, Baltimore City Police Department, and Mayor & City Council of Baltimore, and for such other and further relief to which Plaintiff may be entitled.

### COUNT IX – CIVIL CONSPIRACY

61. Plaintiff, Henrietta Middleton, incorporates as if fully set forth herein the allegations set forth in all previous and subsequent paragraphs.

62. Prior to falsely charging Ms. Middleton under oath with charges consisting of 2nd Degree Assault and Resisting/Interfering with Arrest, Defendants Koushal and Yerg communicated with each other and devised a plan to ensure that Defendant Koushall would not be criminally charged for his assault on Ms. Middleton.

63. The plan that they devised involved charging Ms. Middleton with more serious crimes than the two crimes she was originally charged with. They hoped that the increased pressure on Ms. Middleton would overshadow Defendant Koushall's wrongdoing.

64. As a result, these additional charges further damaged Ms. Middleton both past, present, and in the future.

**WHEREFORE**, Plaintiff Henrietta Middleton, claims in of 10 million dollars ($10,0000,000.00) in compensatory damages and 10 million dollars ($10,000,000.00) in punitive damages from all Defendants, including but not limited to Sergeant Marlon Koushall, Lieutenant Jason Yerg, Former Interim Commissioner Gary Tuggle, Baltimore City Police Department, and

Mayor & City Council of Baltimore, and for such other and further relief to which Plaintiff may be entitled.

### COUNT X – 42 U.S.C. § 1985(3)

65. Plaintiff, Henrietta Middleton, incorporates as if fully set forth herein the allegations set forth in all previous and subsequent paragraphs.

66. This is an action for violation of 42 U.S.C. § 1985(3) for conspiring to deprive her of the equal protection of the laws or of equal privileges and immunities under the laws.

67. Defendants Koushal and Yerg conspired with each other to deprive Ms. Middleton of equal protection of the laws when they worked together to falsely charge her with crimes that she did not commit.

68. These false charges caused Ms. Middleton to be damaged physically, emotionally, and financially.

69. This conspiracy also resulted in Ms. Middleton's deprivation of freedom during the time she was arrested and held at the police station, depriving her right of her right to due process as a result of the two of them conspiring with each other as to how to continue the unlawful legal proceedings against her.

70. Defendants' actions were motivated by Ms. Middleton's race and gender as an African American female.

71. That as a result of the defendant's conduct, she suffered from damages past, present, and future, including but not limited to lost wages, loss of earning capacity, and delay in her professional advancement.

**WHEREFORE**, Plaintiff Henrietta Middleton, claims in of 10 million dollars ($10,0000,000.00) in compensatory damages and 10 million dollars ($10,000,000.00) in punitive

damages from all Defendants, including but not limited to Sergeant Marlon Koushall, Lieutenant Jason Yerg, Former Interim Commissioner Gary Tuggle, Baltimore City Police Department, and Mayor & City Council of Baltimore, and for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

\_\_\_/s/_____
Latoya Francis-Williams, ID 29957
Law Office of Latoya A. Francis-Williams, LLC
P.O Box 451
Randallstown, Maryland 21133
410-356-4691
443-548-4588 (facsimile)
Latoya.f.williams@gmail.com
Attorney for Plaintiffs


_____/s/_____
Allan B. Rabineau, ID 01636
Ballenger & Roche, LLC
The World Trade Center
401 E. Pratt Street, Suite 2341
Baltimore, Maryland 21202
(410) 837-9150
(410) 837-9152 – facsimile
*Attorney for Plaintiffs*


_____/s/_____
Aarron N. Johnson, ID 21463
Ballenger & Roche, LLC
The World Trade Center
401 E. Pratt Street, Suite 2341
Baltimore, Maryland 21202
(410) 837-9150
(410) 837-9152 – facsimile
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HENRIETTA MIDDLETON | * | |
| 601 E. Fayette Street | * | |
| Baltimore, Maryland 21202 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No.: 1:20-cv-3536 |
| | * | |
| BALTIMORE CITY POLICE | * | |
| DEPARTMENT | * | |
| Serve On: | * | |
| MICHAEL HARRISON, Police | * | |
| Commissioner | * | |
| 601 E. Fayette Street | * | |
| Baltimore, Maryland 21202 | * | |
| | * | |
| and | * | |
| | * | |
| MAYOR & CITY COUNCIL OF | * | |
| BALTIMORE | * | |
| Serve On: | * | |
| DANA P. MOORE, Acting City Solicitor | * | |
| City Hall | * | |
| 100 N. Holliday Street, Room 101 | * | |
| Baltimore, Maryland 21202 | * | |
| | * | |
| and | * | |
| | * | |
| SERGEANT MARLON KOUSHALL | * | |
| INDIVIDUALLY AND IN OFFICIAL | * | |
| CAPACITY | * | |
| 601 E. Fayette Street | * | |
| Baltimore, Maryland 21202 | * | |
| | * | |
| and | * | |
| | * | |
| LIEUTENANT JASON YERG | * | |
| INDIVIDUALLY AND IN OFFICIAL | * | |
| CAPACITY | * | |
| 601 E. Fayette Street | * | |
| Baltimore, Maryland 21202 | * | |
| | * | |
| and | * | |

| | |
|---|---|
| GARY TUGGLE, FORMER INTERIM | * |
| POLICE COMMISSIONER FOR | * |
| BALTIMORE CITY, INDIVIDUALLY | * |
| AND IN OFFICIAL CAPACITY | * |
| Serve On: | * |
| DANA P. MOORE, Acting City Solicitor | * |
| City Hall | * |
| 100 N. Holliday Street, Room 101 | * |
| Baltimore, Maryland 21202 | * |
| | * |
| Defendants | * |
| | * |

\* \* \* \* \* \*

## DEMAND FOR JURY TRIAL

Comes now Plaintiff, Henrietta Middleton, by and through counsel and hereby demand a jury trial in the above captioned matter.  Respectfully Submitted.

_____/s/_____
Latoya Francis-Williams, ID 29957
Law Office of Latoya A. Francis-Williams, LLC
P.O Box 451
Randallstown, Maryland 21133
410-356-4691
443-548-4588 (facsimile)
Latoya.f.williams@gmail.com
*Attorney for Plaintiffs*

_____/s/_____
Allan B. Rabineau, ID 01636
Aarron N. Johnson, ID 21463
Ballenger & Roche, LLC
The World Trade Center
401 E. Pratt Street, Suite 2341
Baltimore, Maryland 21202
(410) 837-9150
(410) 837-9152 – facsimile
*Attorney for Plaintiffs*