IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HENRIETTA MIDDLETON,

   *Plaintiff*,

   v.

MARLON KOUSHALL, *et al.*

   *Defendants*.

Civil Action No. ELH-20-3536

**MEMORANDUM**

    This case concerns a lawsuit brought by Sergeant ("Sgt.") Henrietta Middleton, plaintiff, an African American police officer employed by the Baltimore City Police Department (the "BPD"). ECF 43 (the "Second Amended Complaint or the "SAC"), ¶ 2. Plaintiff alleges, *inter alia*, that in August 2018, while she was off duty, she was "assaulted, battered, and abused" by a fellow BPD Officer, Marlon Koushall. *Id.* Further, she claims that Koushall and his supervisor, Lieutenant ("Lt.") Jason Yerg, conspired to charge plaintiff with crimes that she did not commit. *Id.* ¶¶ 4, 5. According to plaintiff, both Koushall and Lt. Yerg (the "Officer Defendants") were "acting within the scope of [their] employment." *Id.* ¶¶ 4, 5.

    In her initial pleading, Sgt. Middleton named as defendants the BPD; the Mayor & City Council of Baltimore (the "City" or "MCC"); and Gary Tuggle, the former interim Police Commissioner for the City, in his individual and official capacity (collectively, the "City Defendants"). ECF 1. She also sued Koushall and Lt. Yerg, each in their individual and official capacities. *Id.*

In a ten-count First Amended Complaint (ECF 28, "FAC"), Sgt. Middleton alleged claims of battery (Count I); false imprisonment (Count II); malicious prosecution and abuse of process (Count III); violation of Articles 24 and 26 of the Maryland Declaration of Rights (Count IV); intentional infliction of emotional distress (Count V); false arrest (Count VI); a claim arising under 42 U.S.C. § 1983, asserting violations of plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution (Count VII); false light invasion of privacy (Count VIII); civil conspiracy (Count IX); and a conspiracy claim under 42 U.S.C. § 1985(3) (Count X).

The City Defendants filed a motion to dismiss the FAC, pursuant to Fed. R. Civ. P. 12(b)(6). ECF 29 ("City Motion"). Additionally, the Officer Defendants filed a partial motion to dismiss certain claims lodged against them. ECF 31 ("Officer Motion").

In a sixty-nine-page Memorandum Opinion (ECF 41) and Order (ECF 42) of January 28, 2022, I granted the City Motion and dismissed the case as to MCC, the BPD, and Tuggle. ECF 41 21-43, 69. I also granted the Officer Motion in part and denied it in part. In particular, I dismissed Count V and Count VIII with respect to the Officer Defendants. *Id.* at 44, 45-48. However, to the extent Count V was lodged against Koushall, I dismissed Count V without prejudice and with leave to amend. I also dismissed with prejudice Count VII as to the Officer Defendants in their official capacities, and as to Lt. Yerg in his individual capacity, to the extent the count was based on a claim for denial of medical care. *Id.* at 44, 50. And, I dismissed Counts, I, II, IV, and VI as to Lt. Yerg. *Id.* at 44, 48-53. I otherwise denied the Officer Motion. *Id.* at 69.

Thereafter, plaintiff amended her suit, in accordance with the time frame specified by the Court's Order of January 28, 2022. *See* ECF 43. The SAC does not name the BPD or the City as

defendants. Further, Sgt. Middleton removed from the SAC her claim for false light invasion of privacy.[1]

Notably, however, the SAC includes new allegations against Tuggle (*id.* ¶¶ 14-25), and each of plaintiff's remaining claims appear to be lodged against him. *Id.* at 1 (naming Tuggle as a defendant); *see id.* at 10-11 (listing Tuggle in the *ad damnum* clause in Count I). Further, plaintiff appears to have reasserted claims against Lt. Yerg that the Court previously dismissed, without leave to amend, including Count I, Count II, Count IV, and Count VI. *See*, *e.g.*, *id.* at 10-11 (listing Lt. Yerg in the *ad damnum* clause in Count I).

As a result, Tuggle has filed a renewed motion to dismiss the suit against him, pursuant to Fed. R. Civ. P. 12(b)(6). ECF 44 ("Tuggle Motion"). Likewise, the Officer Defendants have moved to dismiss the claims that the Court previously dismissed (ECF 45), accompanied by a memorandum. ECF 45-1 (collectively, the "Officer Motion"). Plaintiff opposes the motions, each supported by a memorandum. *See* ECF 46; ECF 46-1 (collectively, the "Tuggle Opposition"); ECF 47; ECF 47-1 (collectively, the "Officer Opposition").[2] And, defendants have replied. ECF 48 (Tuggle); ECF 49 (Officer Defendants).

Beginning with the Officer Motion, the Court previously considered the parties' arguments regarding plaintiff's allegations with respect to Lt. Yerg's liability under Count I; Count II; Count

---

[1] Although plaintiff did not reassert her claim for false light invasion of privacy (Count VIII), she did not renumber her claims for civil conspiracy (Count IX) or violation of 42 U.S.C. § 1985(3) (Count X). *See* ECF 43 at 16-17.

[2] The Officer Opposition is a curious document, insomuch as it is identical to the brief in opposition that plaintiff filed in response to the first partial motion to dismiss filed by the Officer Defendants. *Compare* ECF 36-1 *with* ECF 47-1. Indeed, the Officer Opposition cites to the Officer Defendants' first motion to dismiss and advances arguments pertaining to claims that defendants have not challenged at this juncture, such as plaintiff's claims for civil conspiracy and violation of 42 U.S.C. § 1985(3). ECF 47-1 at 6-10

IV; Count V; Count VI; and Count VII, to the extent it was lodged against Lt. Yerg in his official capacity and based on a claim for the denial of medical care. Indeed, I previously concluded that the claims were defective in several material respects. *See* ECF 41 at 43-53. But, plaintiff has not offered any new allegations that would support such claims against Lt. Yerg. *See* ECF 43. Thus, there are simply no grounds for plaintiff to reassert these claims. Therefore, the rationale previously set forth in the Court's Memorandum Opinion of January 28, 2022, applies here with equal force. *See* ECF 41 at 43-53.

Accordingly, to the extent that Count I; Count II; Count IV; Count V; and Count VI are lodged against Lt. Yerg, the claims are dismissed, with prejudice. Likewise, to the extent that Count VII is lodged against the Officer Defendants in their official capacities, and to the extent the claim is maintained against Lt. Yerg for the denial of medical care, the claim is dismissed, with prejudice.

As to Koushall, I also dismissed Count V, which alleged intentional infliction of emotional distress. In Maryland "in order to prevail on a claim for IIED, a plaintiff must show that (1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was extreme or outrageous; (3) there was a causal connection between the defendant's wrongful conduct and the emotional distress suffered; and (4) the emotional distress was severe." ECF 41 at 44-45 (citing *Harris v. Jones*, 281 Md. 560, 566, 380 A.2d 611, 614 (1977)).[3] Although I found that Koushall's

---

[3] As I previously explained (ECF 41 at 35 n.12), when assessing a State law claim, the Court must apply the law of the forum state (including as to choice of law), whether proceeding under supplemental or diversity jurisdiction. *See, e.g.*, *Nash v. Montgomery Cty.*, GJH-20-1138, 2021 WL 1222874, at *7 n.7 (D. Md. Mar. 31, 2021); *Ben-Joseph v. Mt. Airy Auto Transporters, LLC*, 529 F. Supp. 2d 604, 606 (D. Md. 2008). In tort actions, Maryland adheres to doctrine of *lex loci delicti*, meaning it applies the substantive law of the state where the wrong occurred. *Ben-Joseph*, 529 F. Supp. at 606 (citing *Erie Ins. Exch. v. Heffernan*, 399 Md. 598, 619, 925 A.2d 636, 648-49 (2007)) (other citations omitted). Thus, because plaintiff's suit is premised on events that occurred in Maryland (ECF 43, ¶ 8), Maryland law applies.

conduct was arguably extreme and outrageous, I dismissed Count V as to him because plaintiff had "failed to plead any facts that, if proven, would show that 'her emotional distress is so severe as to have disrupted her ability to function on a daily basis.'" ECF 41 at 46-47 (quoting *Bryant v. Better Business Bur. of Greater Md. Inc.*, 923 F. Supp. 720, 750 (1996)). But, because this deficiency could be cured, I expressly provided plaintiff with an opportunity to amend Count V with respect to Koushall. *See* ECF 41 at 48, 69; ECF 42.

The SAC reasserts plaintiff's claim for intentional infliction of emotional distress, lodged against Koushall. ECF 43, ¶¶ 57-61. The Officer Defendants correctly note, however, that plaintiff "failed to include facts or reasonable inferences that could cure" the deficiencies that were previously identified by the Court. ECF 49 at 2. Indeed, the red-lined version of the SAC lays bare that Count V is identical to the version of Count V that was set forth in the First Amended Complaint. *See* ECF 43-1 at 17.

Consequently, for the same reasons stated in the Memorandum Opinion of January 28, 2022, Count V fails to state a plausible claim for intentional infliction of emotional distress. *See* ECF 41 at 45-48. And, in light of Sgt. Middleton's failure to address the deficiency identified by the Court, I am persuaded that she should not be afforded yet another opportunity to amend Count V. Thus, I shall dismiss Count V, with prejudice.

In the Memorandum Opinion of January 28, 2022, I also found that plaintiff's claims against Tuggle were not viable. ECF 41 at 27-43. Thus, I dismissed Tuggle from the suit. *Id.* at 69; ECF 42 at 1. Nonetheless, plaintiff posits that the Court granted her leave to amend her suit as to Tuggle, at least with respect to her claim for malicious prosecution and abuse of process (Count III). ECF 46-1 at 2-3. In particular, Sgt. Middleton notes (*id.* at 2) that, in resolving Count III with respect to Tuggle, the Court wrote, ECF 41 at 38: "There is simply no assertion in the

Amended Complaint that Tuggle was personally involved in the events underlying Count III. Thus, plaintiff fails to state a viable claim as to Tuggle; the claim is subject to dismissal, without prejudice and with leave to amend."

Read in isolation, the assertion could be read as Sgt. Middleton urges. However, doing so would ignore the fact that in the concluding paragraph of the section of the Court's Memorandum Opinion that pertained to Tuggle, I said, *id.* at 40:

> I am persuaded that Counts I through VI, Count VIII, and Count IX are subject to dismissal as to Tuggle in his individual capacity, based on plaintiff's failure to allege facts that show Tuggle's participation in the events underlying these claims. Given that plaintiff has already amended her suit, and her attorneys are experienced in cases of the kind involved here, I decline to grant leave to amend.

To the extent that there was any ambiguity about the Court's decision, the Court concluded its Memorandum Opinion by again noting that Tuggle was dismissed from the suit. Likewise, the accompanying Order reaffirmed that all of plaintiff's claims against Tuggle were dismissed. *See* ECF 41 at 69; ECF 42 at 1. In contrast, the conclusion of the Memorandum Opinion and the Order expressly recognized the claims that were dismissed with leave to amend. *See* ECF 41 at 69; ECF 42 at 1.

In sum, the Court did not grant plaintiff leave to amend her claims against Tuggle. Nor could the Court's Memorandum Opinion and accompanying Order reasonably be construed as doing so. Therefore, plaintiff was not entitled to reassert claims against Tuggle as a matter of right. Rather, to the extent Sgt. Middleton sought to amend her pleading to state a claim against Tuggle, she should have sought leave to amend, pursuant to Fed. R. Civ. P. 15(a)(2).[4] Yet, Sgt. Middleton, who is represented by able counsel, did not do so.

---

[4] Rule 15(a)(2) provides, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave."

That said, the Court's prior opinion apparently was not clear. Therefore, I will consider the additional allegations set forth in the SAC, to the extent they pertain to plaintiff's claim for malicious prosecution and abuse of process, as set forth in Count III. In any event, they make no difference.

As I previously explained, under Maryland law, "the torts of malicious prosecution and abuse of process . . . require an allegation that the defendant took affirmative actions that subjected plaintiff to an abuse of process or wrongful prosecution." ECF 41 at 38; *see, e.g.*, *Okwa v. Harper*, 360 Md. 161, 183, 757 A.2d 118, 130 (2000). Plaintiff's claim against Tuggle in this regard boils down to an assertion that Tuggle was made aware of the charges that had been filed against Sgt. Middleton and he failed to dismiss them. *See* ECF 43, ¶¶ 14-24, 49. This is insufficient to state a claim for malicious prosecution or abuse of process.

Indeed, plaintiff has not alleged any facts that, if proven, would show that Tuggle played a role in lodging the criminal charges that were filed against plaintiff. Accordingly, I shall grant the Tuggle Motion and dismiss Tuggle from the suit, with prejudice.

Thus, in summary, plaintiff's lawsuit may proceed against Koushall for claims of battery (Count I); false imprisonment (Count II); false arrest (Count VI), as well a claim for violation of Article 24 and 26 of the Maryland Declaration of Rights (Count IV). Her case may also advance against the Officer Defendants for claims of malicious prosecution and abuse of process (Count III); civil conspiracy (Count IX); and violation of 42 U.S.C. § 1985(3) (Count X). And, plaintiff's claim arising under 42 U.S.C. § 1983 (Count VII) may proceed against the Officer Defendants in their individual capacities, except that plaintiff may not state a claim under § 1983 against Lt. Yerg for the alleged denial of medical care.

An Order follows.

Date: August 18, 2022                                              /s/
                                                          Ellen L. Hollander
                                                          United States District Judge