IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

**HENRIETTA MIDDLETON**     *

   Plaintiff.     *

   v.     *     Civil Action No.: 1:20-cv-03536-ELH

**SERGEANT MARLON KOUSHALL**     *

   Defendant.     *

*     *     *     *     *     *     *     *     *     *     *     *     *

### EMERGENCY PETITION TO REQUIRE ATTORNEYS, LATOYA FRANCIS WILLIAMS AND A. DWIGHT PETITT, TO IMPLEAD PORTION OF SETTLEMENT FUNDS INTO THIS COURT

COME NOW, undersigned counsel and Ballenger & Roche, LLC, and in support of their Petition to Require Attorneys, Latoya Francis Williams and A. Dwight Petitt, to Implead Portion of Settlement Funds into this Court, state:

1.  On October 30, 2024, Plaintiff obtained a $5.2 million dollar verdict for claims she brought against the Defendant, Sergeant Marlon Koushall.  Pursuant to an agreement among the parties, any verdict obtained by Plaintiff would be converted to a settlement with no post-trial motions or appeals plus $50,000.00.

2.  The attorney fees owed to counsel are $2,100,000.  Of that amount, $1,050,000 is due to Allan B. Rabineau, Esquire and the law firm of Ballenger & Roche, LLC.

3.  Upon information and belief, attorneys Williams and Petitt conspired to cause the settlement check to be made payable solely to either or both of them and Plaintiff only, and to the exclusion of Mr. Rabineau and Ballenger & Roche, LLC.  Ballenger & Roche, LLC and Mr. Rabineau were never copied on any emails which are believed to have been exchanged between

counsel for Defendant Koushall and Williams and Petitt regarding how the settlement check was to be made payable to.

4.  On Friday, November 22, 2024, attorneys Williams and Petitt had a conference call with Mr. Rabineau, wherein they proposed that the fees be divided equally among Mr. Rabineau, Ms. Williams and Mr. Petitt, with no consideration to Ballenger & Roche, LLC.  Mr. Rabineau rejected the proposal and reminded Williams and Petitt that the fee agreement between them and Mr. Rabineau and Ballenger & Roche, LLC called for 50% of the attorney fees to be paid to Mr. Rabineau and Ballenger & Roche, LLC.

5.  Mr. Rabineau immediately informed Ballenger & Roche of the efforts by Williams and Petitt to wrongfully convert settlement funds for their sole benefit and to deny Ballenger & Roche of their earned fees in the case.  Matt R. Ballenger, Esquire, a partner at Ballenger & Roche, LLC immediately sent an email to Williams and Petitt advising them that Ballenger & Roche, LLC was due 50% of the fees and to confirm that they would honor the fee agreement (Exhibit 1).  No response was received.

6.  On Monday, November 25, 2024, Mr. Ballenger sent another email to Williams and Petitt reminding them that we were asserting a lien against the funds believed to be in Williams' attorney escrow account and that they were not to distribute any attorneys' fees until a resolution of Ballenger & Roche's claims (Exhibit 2).

7.  Finally, on the afternoon of November 25, 2024, Ms. Williams responded to Mr. Ballenger via email and claimed that the case was hers alone and denied any fee agreement other than falsely stating that Mr. Rabineau agreed to accept $416,000.00 (Exhibit 3).  Ms. Williams claimed this was 20% of the fees, which is inaccurate.  Ms. Williams also falsely claimed that the only agreement was that Mr. Rabineau agreed to accept whatever Ms. Williams thought was

2

reasonable.  Mr. Rabineau had been practicing law for over 50 years and advised Williams and Petitt that not only did he reject any offer but informed them that he would not be authorized to accept an offer without the approval of Ballenger & Roche, LLC.

8.  This emergency petition is being filed because it is believed that Williams and/or Petitt intend to convert funds that should be held in escrow pending resolution of Ballenger & Roche's claims for their own benefit.  Should that occur, Ballenger & Roche, LLC would be at serious risk of not receiving any of the funds owed to them.

WHEREFORE, for the forgoing reasons, undersigned counsel and Ballenger & Roche, LLC, request the Court to issue an emergency order requiring Ms. Williams and Mr. Petitt to implead $2,100,000.00 of the settlement funds into this Court pending resolution of Ballenger & Roche's claims.  Alternatively, it is requested that an emergency order be issued requiring Ms. Williams and Mr. Petitt to retain that amount in escrow pending resolution of the claims.

Date: November 26, 2024

Respectfully submitted,

Aarron N. Johnson, Esq. (Bar ID 21463)
Ballenger & Roche, LLC.
The World Trade Center Baltimore
401 E. Pratt Street, Suite 2341
Baltimore, Maryland 21202
Phone: (410) 837-9150
ajohnson@br-lawyer.com
*Attorney for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 26th day of November 2024, a copy of the Emergency Petition

to Require Attorneys, Latoya Francis Williams and A. Dwight Petitt, to Implead Funds into this

Court was served by the court's e-filing system on:

Allan B. Rabineau, Esq. (Bar ID 01636)
Ballenger & Roche, LLC.
The World Trade Center Baltimore
401 E. Pratt Street, Suite 2341
Baltimore, Maryland 21202
Phone: (410) 837-9150
allanbra@verizon.net
Attorney for Plaintiff

A. Dwight Pettit, Esq. (Bar ID 01697)
Latoya Francis Williams, Esq. (Bar ID 29957)
A. Dwight Pettit, P.A.
3606 Liberty Heights Avenue
Baltimore, MD 21201
Phone: (410) 542-5400
adpettit@adwightpettit.com
lfwlaw1@gmail.com
*Attorneys for Plaintiff*

Latoya Francis-Williams, Esq. (Bar ID 29957)
Law Office of Latoya A. Francis-Williams, LLC.
P.O Box 451
Randallstown, MD 21133
Phone: (410) 356-4691
lfwlaw1@gmail.com
*Attorney for Plaintiff*

Thomas H. Barnard, Esq. (Bar ID 27488)
Sabrina N. Marquez, Esq. (Bar ID 30516)
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
100 Light Street, 19th Floor
Baltimore, MD 21202
Phone: (410) 862-1138
tbarnard@bakerdonelson.com
smarquez@bakerdonelson.com
*Attorneys for Defendant Sergeant Marlon Koushall*

Aarron N. Johnson, Esq. (Bar ID 21463)

5