## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

November 26, 2024

A. Dwight Pettit, Sr., Esq.
Law Office of A. Dwight Pettit
3606 Liberty Heights Avenue
Baltimore, MD 21215

Thomas H. Barnard, Esq.
Baker Donelson
100 Light Street, Suite 1900
Baltimore, MD  21202

Latoya Andrea Francis-Williams, Esq.
Law Office of Latoya A. Francis Williams, LLC
PO Box 451
Randallstown, MD 21133

Sabrina Marquez, Esq.
Baker Donelson
100 Light Street, Suite 1900
Baltimore, MD  21202

Allan B. Rabineau, Esq.
Law Office of Allan Rabineau
401 East Pratt Steet
Suite 2341
Baltimore, MD 21202

Aarron N. Johnson, Esq.
Ballenger & Roche, LLC
401 East Pratt Street
Suite 2341
Baltimore, MD 21202

John Raphael Roche, Jr., Esq.
Ballenger & Roche, LLC
401 E. Pratt Street
Suite 2341
Baltimore, MD  21202

  Re: *Middleton v. Koushall, et al.*
     Civil Action No. ELH-20-3536

Dear Counsel:

  As you know, from October 28, 2024, through October 30, 2024, the Court held a three-day damages trial in the above captioned matter.  *See* ECF 132 through ECF 134.  At trial, Latoya Francis-Williams and Allan Rabineau appeared for plaintiff.  However, the Docket also reflects that plaintiff is represented by A. Dwight Pettit, Sr. and Aarron Johnson.  And, on today's date,

John Roche, Jr., of Ballenger & Roche, LLC (the "Firm"), also entered an appearance for plaintiff.

The jury returned a verdict in favor of plaintiff in the amount of $5,200,000.00. ECF 142. Thereafter, on November 1, 2024, counsel submitted a proposed judgment, via email. The Court revised it and, with the subsequent approval of counsel, the Court then entered an Order of Judgment ("Judgment") on November 5, 2024. ECF 145. In addition, at the joint request of counsel, the Judgment includes an award to plaintiff in the amount of $50,000.00 for legal fees and costs, pursuant to 42 U.S.C. § 1988. ECF 145.

At 4:17 p.m. on November 26, 2024, the Court received an "Emergency Petition To Require Attorneys, Latoya Francis-Williams and A. Dwight Petitt [sic], To Implead Portion Of Settlement Funds Into This Court." ECF 147 ("Petition"). It was filed by Aarron Johnson, a lawyer at the Firm. The Petition is supported by three exhibits (ECF 147-1 through ECF 147-3) and two proposed orders (ECF 147-4, ECF 147-5).

The Petition states, in part, ECF 147, ¶ 2: "Pursuant to the agreement among the parties, any verdict obtained by Plaintiff would be converted to a settlement with no post-trial motions or appeals plus $50,000.00. The attorney fees owed to counsel are $2,100,000. Of that amount, $1,050,000 is due to Allan B. Rabineau, Esquire and the law firm of Ballenger & Roche, LLC." The Petition also alleges that "attorneys Williams and Petitt [sic] conspired to cause the settlement check to be made payable solely to either or both of them and Plaintiff only, and to the exclusion of Mr. Rabineau and Ballenger & Roche, LLC." *Id.* ¶ 3.

According to the Petition, Francis-Williams and Pettit agreed to split evenly (*i.e.*, 50-50) with Rabineau and the Firm the legal fees recovered in the case. *Id.* ¶ 4. Instead, Pettit and Francis-Williams have wrongfully converted the fees due and owing to Rabineau and the Firm. *Id.* ¶ 5.

The allegations are troubling. Upon receipt of the Petition, the Court attempted to convene a telephone conference with counsel. Almost all the lawyers were available, including the two defense attorneys who tried the case. However, neither Mr. Pettit nor Ms. Francis-Williams was available. Nor has either Mr. Pettit or Ms. Francis-Williams responded to the email sent to counsel by my Judicial Assistant at 4:31 p.m., notifying them of the Court's request for a conference call. And, it is now about 6:35 p.m.

As noted, the Court was asked to award $50,000 in legal fees to plaintiff. The Court is not privy to the terms of the parties' settlement agreement, including as to any fee agreement between Middleton's various lawyers. Moreover, I am unaware of any authority to address the fee dispute, which is not part of this case.

The dispute among counsel appears to me to be quintessentially an independent claim for breach of contract, separate and apart from the litigation before me. Indeed, I only learned today of the legal fees paid to Pettit and Francis-Williams. The sum is as stunning as the verdict itself. But, it is not an award under 42 U.S.C. § 1988.

To be sure, defense counsel are not without remedies, such as a legal action for breach of contract, with a request for a TRO or a preliminary injunction. But, I cannot discern a basis to

2

involve the Court in the fee dispute in the context of this closed case, which did not concern legal fees.

For these reasons, the Petition is denied, without prejudice to the right of counsel to ask the Court to reconsider, based on valid grounds to do so.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

_____/s/_____
Ellen Lipton Hollander
United States District Judge

3