IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HENRIETTA MIDDLETON,
   *Plaintiff*,

v.

MARLON KOUSHALL, *et al.*
   *Defendants*.

Civil Action No. ELH-20-3536

**MEMORANDUM**

This Memorandum addresses a motion to strike the appearance of two lawyers who, after trial, entered their appearances on behalf of the plaintiff, Henrietta Middleton. ECF 150 ("Motion"). Other lawyers from the same law firm have been involved in the case from its inception.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

**A. Factual Background**

The parties are familiar with the underlying facts, discussed in prior judicial opinions. *See* ECF 41, ECF 50, ECF 101. Therefore, I need not discuss the facts here. Instead, I will confine the summary of facts to those pertinent to the Motion.

A civil rights suit was filed on behalf of plaintiff on December 7, 2020. ECF 1.[1] It was amended twice. ECF 28, ECF 43. The Complaint alleged, *inter alia*, that defendant, Sergeant Marlon Koushall, engaged in use of excessive force and committed the torts of malicious

---

[1] Middleton initially sued multiple defendants. Only the claim against defendant Marlon Koushall survived for trial.

1

prosecution, false imprisonment, false arrest, and battery. ECF 1. The suit was signed by three lawyers: Latoya Francis-Williams, of the Law Office of Latoya A. Francis-Williams, LLC; Allan B. Rabineau, of the law firm of Ballenger & Roche, LLC; and Aarron N. Johnson, also of Ballenger & Roche, LLC. ECF 1 at 16. The names of the law firms appear on the Complaint. *Id.*

In addition, Mr. Rabineau and Mr. Johnson each filed an "Entry of Appearance" on the same date that the suit was filed. ECF 2 (Mr. Johnson); ECF 4 (Mr. Rabineau). Again, each submission identifies the firm of Ballenger & Roche, LLC (the "Firm"). *See* ECF 2, ECF 4. Correspondence submitted by Mr. Rabineau indicates that he is "of counsel" to the Firm. *See*, *e.g.*, ECF 43-2; ECF 59.[2]

The Second Amended Complaint was filed on February 14, 2022. ECF 43. It was filed by the same lawyers who filed the initial Complaint. *Id.* at 23.

On May 1, 2023, about two and a half years after suit was filed, A. Dwight Pettit, of the Law Office of A. Dwight Pettit, filed an "Entry of Appearance" for plaintiff. ECF 65. The submission is dated April 28, 2023. *Id.*

By correspondence of July 15, 2024 (ECF 108), the Court was advised that the parties agreed to proceed to trial only on damages. *Id.* ¶ 1. They also agreed to waive all post-judgment motions and the right to appeal. *Id.* ¶ 2. In addition, the Court was advised that the parties agreed to an unspecified sum for attorney's fees. *Id.* ¶ 4. And, the parties agreed to vacate any judgment once the damages award was satisfied. *Id.* ¶ 3.

---

[2] Curiously, the Docket identifies Mr. Rabineau's law firm as the "Law Office of Allan Rabineau." *See* Docket. But, lawyers do not prepare the Docket. Rather, that is a task handled by the Clerk's Office. Moreover, the Court cannot locate any filing that identifies Mr. Rabineau as an attorney of the "Law Office of Allan Rabineau." In any event, his address is the exact same address as that listed for Ballenger & Roche, LLC: 401 East Pratt Street, Suite 2341, Baltimore, MD 21202. *Id.*

2

From October 28, 2024, through October 30, 2024, the Court conducted a three-day jury trial, limited to the issue of damages. *See* ECF 132 through ECF 134. At trial, Francis-Williams and Rabineau were the only lawyers who appeared for plaintiff. Middleton sat at counsel table with both lawyers.

The evidence established that, at the relevant time, plaintiff was a sergeant with the Baltimore City Police Department. In August 2018, she suffered a minor physical injury when she was struck by defendant, a fellow sergeant, during an incident in the area of Baltimore City known as "The Block." Plaintiff also claimed to have suffered severe mental health damages as a result of the incident, which included her arrest by defendant on charges that were later dropped.[3] Middleton lost no pay and, in the ensuing years, she was twice promoted—first to the rank of lieutenant and then to captain.

The jury returned an astounding award of damages in the amount of $5,200,000.00. ECF 142. On November 5, 2024, the Court entered Judgment in that amount. ECF 145. And, at the joint request of all counsel, I also awarded $50,000.00 to plaintiff for legal fees and costs. *Id.*

The Court subsequently learned that the defense also agreed to pay legal fees to plaintiff's counsel in the amount of $2.1 million. *See, e.g.*, ECF 147, ¶ 2. That payment—and who is entitled to what portion of it—is at the center of a fee dispute between some or all of plaintiff's lawyers and the Firm.

On November 26, 2024, Johnson filed an "Emergency Petition To Require Attorneys, Latoya Francis-Williams and A. Dwight Petitt [sic], To Implead Portion Of Settlement Funds Into

---

[3] Plaintiff was never incarcerated in connection with the charges. Moreover, no expert testimony was presented by plaintiff as to her claim of physical injury or emotional trauma.

This Court." ECF 147 ("Emergency Petition"). At about the same time, Matt Ballenger and John Roche, attorneys at the Firm, entered an appearance on behalf of plaintiff. ECF 148.

The Emergency Petition states, in part, ECF 147, ¶ 2: "Pursuant to the agreement among the parties, any verdict obtained by Plaintiff would be converted to a settlement with no post-trial motions or appeals plus $50,000.00. The attorney fees owed to counsel are $2,100,000. Of that amount, $1,050,000 is due to Allan B. Rabineau, Esquire and the law firm of Ballenger & Roche, LLC." In other words, according to the Emergency Petition, Mr. Rabineau and the Firm are entitled to 50% of the legal fees paid by the defense. *Id.* ¶ 4. Moreover, according to the Emergency Petition, Mr. Pettit and Ms. Francis-Williams wrongfully converted the fees due and owing to Mr. Rabineau and the Firm. *Id.* ¶ 5.[4]

On the same date, November 26, 2024, the Court entered an Order denying the Emergency Petition, without prejudice. ECF 149.[5] In short, I explained that I could not "discern a basis to involve the Court in the fee dispute in the context of this closed case," which did not concern a statutory fee award under 42 U.S.C. § 1988. *Id.* at 2–3. The Court reasoned, *id.* at 2: "The dispute among counsel appears to me to be quintessentially an independent claim for breach of contract, separate and apart from the litigation before me."

That evening, on behalf of Ms. Middleton, Ms. Francis-Williams filed a motion to strike the appearances of Mr. Ballenger, Mr. Roche, and the Firm. ECF 150. In the Motion, Ms. Francis-

---

[4] Mr. Rabineau has not submitted any filings in connection with the Motion or the Emergency Petition. I am not aware of his position regarding the issues presented in those filings.

[5] The Court promptly attempted to convene a telephone conference with all counsel to discuss the Emergency Petition. But, my judicial assistant was unable to locate either Ms. Francis-Williams or Mr. Pettit. *See* ECF 149 at 2. All other lawyers were available.

Williams also asks the Court to enter "an order prohibiting" the three from "further claiming to represent Henrietta Middleton . . . ." *Id.* at 2.

The Motion is supported by one exhibit: an email dated November 26, 2024, purportedly sent by Ms. Middleton to Mr. Johnson. ECF 150-1.[6] The email states, in part, *id.*: "Please forward to Matt Ballenger and John Roche." It also states, *id.*: "I, Henrietta Middleton, am writing this email to formally demand that you immediately cease and desist from asserting you or your firm, Ballenger & Roche, represent me in any capacity. I have not signed any agreement authorizing you or your firm to represent me, nor have I given consent for you to assert any matters on my behalf." In addition, the email states, *id.*: "Please be advised that my sole legal representative is Attorney Latoya Francis-Williams."

The email does not seek to strike Mr. Pettit, Mr. Rabineau, or Mr. Johnson. To the extent that Ms. Middleton asserts that Francis-Williams is her only lawyer, she is obviously incorrect, given that she sat at counsel table with Mr. Rabineau throughout her trial, and Mr. Rabineau actively participated at trial as a lawyer for plaintiff. Mr. Rabineau (and Mr. Johnson) have been attorneys of record for plaintiff since the outset of the litigation. ECF 2; ECF 4. And, as noted, their entries of appearance clearly reflect that they are attorneys with the Firm. ECF 2; ECF 4.

The Second Amended Complaint, the operative pleading at the time of trial, is also noteworthy. It states, ECF 43 at 1–2: "NOW COMES PLAINTIFF, Henrietta Middleton, by and through her attorneys, Latoya Francis-Williams, Law Office of A. Dwight Pettit, P.A., Allan B. Rabineau, Aarron N. Johnson, and Ballenger & Roche, LLC . . . ."

---

[6] In the exhibit, docketed at ECF 150-1, the email address of the sender is redacted, in part. But, the word "**middleton**" is visible. *Id.* (boldface in original).

5

By Order of November 11, 2024 (ECF 151), the Court denied the Motion, but solely as to the Firm. The Court observed, *id.* at 2: "The Docket reflects that the suit was filed on December 7, 2020. ECF 1. And, on the exact same date, Mr. Johnson also entered an appearance on behalf of plaintiff. ECF 2. The entry of appearance specifically references the firm of Ballenger & Roche, LLC. During the four years in which the case has been pending, no one voiced a complaint as to the validity of the entry of appearance of either Mr. Johnson or his [F]irm." Accordingly, I determined that there was no basis to strike the Firm's appearance.

However, as to Mr. Roche and Mr. Ballenger, the Court withheld ruling on the Motion, concluding that a ruling would be premature because they were entitled to respond to the Motion and had not yet had an opportunity to do so. ECF 151 at 2. Thereafter, on December 10, 2024, Mr. Ballenger and Mr. Roche, through Mr. Johnson, filed an opposition. ECF 154 ("Opposition"). Ms. Francis-Williams replied. ECF 155 ("Reply").

In the Opposition, Johnson states that Francis-Williams filed the Motion "for no other purpose than to attempt to bolster her attempt to abscond with a substantial portion of the settlement funds due and owing" to the Firm "for their attorney's fees in this case." ECF 154 at 1. According to Johnson, Ms. Middleton "engaged" the Firm "to litigate this matter and had been completely satisfied with that representation up to and subsequent to the verdict" the Firm "obtained in the case in her favor." *Id.* The Opposition also states, *id.* at 2: "The Court has already denied . . . striking the appearance of [the Firm] and given the Court's ruling on Ballenger & Roche's emergency petition to implead settlement funds, the motion to strike John Roche and Matt Ballenger's appearance is moot."

Notably, in the Opposition, Johnson does not contend that plaintiff authorized Mr. Ballenger and Mr. Roche to enter an appearance on her behalf. However, as stated, the Firm,

6

through Rabineau and Johnson, has been involved in the case from the outset. And, it is not uncommon for a firm's lawyers to enter an appearance in a case if they are assisting in the work.

Indeed, the names of Rabineau and Johnson, and that of the Firm, appear on all of the significant filings submitted for plaintiff. *See, e.g.*, ECF 1 (Complaint); ECF 20 (opposition to motion to dismiss); ECF 27 (opposition to motion to dismiss); ECF 28 (Amended Complaint); ECF 36 (opposition to motion to dismiss Amended Complaint); ECF 43 (Second Amended Complaint); ECF 46 (opposition to motion to dismiss Second Amended Complaint); ECF 47 (opposition to motion to dismiss Second Amended Complaint); ECF 89 (opposition to defendants' summary judgment motion); ECF 120 (Joint Pretrial Order); ECF 121 (Proposed Jury Instructions); ECF 122 (Proposed Jury Voir Dire Answer Sheet); ECF 129 (Amended Joint Pretrial Order).

In Reply, Francis-Williams argues that the Firm "provide[s] no documentation or facts" to support the assertion that Mr. Ballenger, Mr. Roche, or the Firm "were ever engaged by Middleton." ECF 155 at 1. According to Ms. Francis-Williams, that is because "none exist . . . ." *Id.* Further, she asserts, *id.*: "It cannot be overstated that Middleton is not and was never the client of Ballenger & Roche, Matt Ballenger or John Roche; but the client of Latoya Francis-Williams who offered Allan Rabineau to assist with this matter for a reasonable fee at the close of the case . . . ."

Further, Ms. Francis-Williams contends that the claim by Mr. Ballenger and Mr. Roche that they represent Ms. Middleton "constitute[s] a clear violation of professional ethics and legal standards." *Id.* at 2. She cites Rule 1.2(a) of the American Bar Association's Model Rules of Professional Conduct, which she correctly describes as mandating "that a lawyer shall abide by a client's decisions concerning the objectives of representation." *Id.* (footnote omitted); *see also*

7

MODEL RULES OF PRO. CONDUCT r. 1.2(a) (AM. BAR ASS'N 2024).  And, Francis-Williams argues, ECF 155 at 2: "Acting without such authorization not only violates ethical standards but also potentially constitutes a false certification to this court."

Ms. Francis-Williams also states that Local Rule 101 "contemplates that attorneys enter their appearance, not firms." *Id.*  She argues, *id.*: "[A]n individual attorney's appearance does not automatically confer representation rights to their/an entire firm.  Further here, where Allan Rabineau (a non-employee of [the Firm]) and Aaron [sic] Johnson (an employee of [the Firm]) entered appearances in this matter, such appearances did not confer representation rights to the [F]irm . . . ."

As discussed, I have already denied the Emergency Petition.  ECF 149.  Thereafter, on December 6, 2024, the parties filed a "Joint Motion To Vacate Judgment And Dismiss With Prejudice."  ECF 152.  Notably, it was submitted by Rabineau, Johnson, and Francis-Williams.  *Id.* at 2.  It was also signed by defense counsel.  *Id.*  The names of Johnson and Rabineau appear directly above the Firm's name in the signature block of that filing, without any controversy.  *Id.*

By Order of December 9, 2024, I granted the joint motion (ECF 152), vacated the judgment, and dismissed the case, with prejudice.  ECF 153.  The case is now closed.

### B. Discussion

In my view, the Motion is moot.

"'[T]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction . . . .'" *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011) (quoting *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008)).  It is well established that "[f]ederal courts lack jurisdiction to decide moot cases because their constitutional authority

8

extends only to actual cases or controversies." *Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 70 (1983).

"'[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (citation omitted). Of relevance here, a case can become moot "when the plaintiff receives the relief sought in his or her claim." *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013). Ms. Middleton has received the relief she sought. Thus, the issues presented in the case are no longer live.

To be sure, a court may retain jurisdiction over an otherwise moot case to resolve disputes regarding attorney's fees or court costs. *See, e.g.*, *Pfieffer v. Schmidt Baking Co.*, CCB-11-3307, 2013 WL 4501302, at *3 (D. Md. Aug. 21, 2013); *Samsung Electronics Co., Ltd. v. Rambus, Inc.,* 398 F. Supp. 2d 470, 482–83 (E.D. Va. 2005). But, this case does not involve a judicial award of legal fees and costs, beyond what was awarded in the Judgment, at the request of the parties. Rather, a dispute has arisen between the lawyers on how to divide the proverbial pie with respect to a separate agreement among the parties for the payment of legal fees. For this reason, I denied the Emergency Petition. ECF 149.

That said, I am unaware of any reason for Mr. Ballenger or Mr. Roche to enter their appearances at this stage of the case. This is because the case is now closed and there are no remaining issues for this Court to resolve.

### C. Conclusion

For the foregoing reasons, I shall deny the Motion (ECF 150), as moot. An Order follows, consistent with this Memorandum.

9

Date:   January 10, 2025                                  /s/
                                             Ellen Lipton Hollander
                                             United States District Judge